NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANENE L. AGUILAR,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.   21-35380

D.C. No. 3:19-cv-05995-TLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Argued and Submitted May 13, 2022
Portland, Oregon

Before:  CHRISTEN and SUNG, Circuit Judges, and RAYES,[**] District Judge.

Janene Aguilar appeals from the district court's order affirming the

Commissioner of Social Security's denial of her application for Social Security

(DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

1

Social Security Act. We have jurisdiction under 28 U.S.C §1291 and 42 U.S.C. §405(g), and we affirm in part, reverse in part, and remand with instructions for the district court to remand to the Social Security Administration for further proceedings.

1.      The ALJ provided "specific and legitimate reasons" to assign minimal weight to Aguilar's treating physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ discounted the physician's opinion that Aguilar had a "chronic illness that limits her ability to walk, lift, and work," because it was "vague" and inconsistent with the objective evidence and routine and conservative course of treatment. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *Matney on Behalf of Matney v. Sullvivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

2.      The ALJ also provided "specific and legitimate reasons" to assign minimal weight to the nurse practitioner's opinion that Aguilar was limited to sedentary work. *Lester*, 81 F.3d at 830. The ALJ assigned less weight to that opinion because it was internally inconsistent with the nurse practitioner's own examination report, in which she stated that Aguilar was limited to "light duty." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 603 (9th Cir. 1999).

3.      The ALJ's determination that Aguilar's mental impairments were "mild" is supported by substantial evidence. *Fair v. Bowen,* 885 F.2d 597, 601 (9th Cir. 1989); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Nothing in the

record suggests that Aguilar's mental impairments were expected to last for a continuous period of 12 or more months as required by 42 U.S.C. § 423(d)(1)(A), and most medical records identified Aguilar's depression as a function of her deteriorating relationship with her boyfriend.

4.     The ALJ did not err by failing to evaluate the lay evidence from two social workers because the ALJ is not required to discuss evidence that is neither significant nor probative. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The lay opinion assessments were not probative of a severe impairment that would limit Aguilar's ability to work for more than 12 months.

5.     We agree with the district court that the ALJ committed error by treating Aguilar's activities of taking occasional road trips, going to the park, barbequing, and doing daily housework as reasons for discounting her subjective pain testimony. We also agree that this error was harmless because the ALJ also discounted Aguilar's testimony because Aguilar told providers that she was walking two miles a day, which conflicted with her testimony that she could walk only a block. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

6.     The ALJ erred by not including Aguilar's mental limitations when assessing her residual functional capacity (RFC) because the ALJ is required to include all limitations and impairments in his assessment, even those that are not severe. *Titles*

3

*II & XVI: Assessing Residual Functional Capacity in Initial Claims*, Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). However, this error was harmless because none of the medical evidence suggested that Aguilar had difficulty in the four mental functional areas that would limit her ability to work. 20 C.F.R. 404, Subpart P, Appendix 1.

7.     The ALJ committed harmful error by not accounting for Aguilar's lateral reaching limitation in the RFC. The agency medical consultants concluded that Aguilar had both overhead and lateral reaching limitations, and that both of those limitations were "bilateral" (left- and right-sided). The agency medical consultants further concluded that those limitations were the primary drivers for Aguilar's inability to perform her past work. Although the ALJ concluded that both doctors' opinions carried "significant weight," and gave no reason to discount any portion of their opinions, he included only an "occasional overhead bilateral reaching limitation in his RFC.  This error is not harmless because the ALJ determined, based on the vocational expert's testimony, that Aguilar could perform three jobs even though all three require frequent reaching.

8.     For the same reasons, the ALJ committed harmful error by posing an incomplete hypothetical to the vocational expert that did not include all of Aguilar's reaching limitations. *Embrey v. Bowen*, 849 F.2d 418, 422–23 (9th Cir. 1988).

The record does not compel us to require the ALJ to find Aguilar disabled, and we decline to exercise our discretion to remand for an award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Because the hypothetical to the vocational expert was inadequate and cannot support the ALJ's determination that Aguilar was not entitled to benefits, *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012), we remand for further proceedings.

On remand, the ALJ shall conduct a new hearing with vocational expert testimony that accounts for all reaching limitations.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**
**Costs are taxed against the Commissioner.**